UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**GARDEN CITY BOXING CLUB, INC.**,

                      **Plaintiff**,         **REPORT AND**
                                                             **RECOMMENDATION**

   -against-

                                                              **CV-06-4994 (DLI)**

**ANDINA RESTAURANT CORP.**, d/b/a RESTAURANT
CHIFA PERUANO, and **JAVIER TUCTO**,

                     **Defendants.**
-----------------------------------------------------------------------X
GOLD, S., U.S.M.J.:

## Introduction

Plaintiff, Garden City Boxing Club, Inc. ("Garden City"), brings this action alleging that defendants, Andina Restaurant Corp. ("Andina Restaurant"), d/b/a Restaurant Chifa Peruano, and Javier Tucto, unlawfully intercepted and misappropriated a closed circuit television exhibition of a boxing match held on September 13, 2003 between De La Hoya and Mosley (the "event") in violation of the Federal Communications Act of 1934, codified as amended, 47 U.S.C. §§ 553 and 605. Compl. ¶¶ 1, 8, 15. Plaintiff alleges that defendants willfully intercepted and received the event without paying the required fees, and displayed it to the patrons of Andina Restaurant. *Id*. ¶¶ 15, 17.

Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered the default of the defendants on January 19, 2007, and the Honorable Dora L. Irizarry referred this case to me for report and recommendation on the issue of damages as to the defaulting defendants. *See* Docket Entries 4, 5 and Electronic Order dated January 22, 2007.

**Facts**

Garden City owns the exclusive distribution rights to the event which was broadcast via closed-circuit television on September 13, 2003. Compl. ¶ 8. Plaintiff entered into agreements with various commercial establishments in New York, allowing them to broadcast the event to their patrons in exchange for a fee. *Id.* ¶ 11. Defendants did not contract with plaintiff to legally broadcast the event. *Id.* ¶ 13. Nonetheless, plaintiff alleges that defendants used unauthorized decoding equipment to intercept the event and broadcast it to the patrons of Andina Restaurant. *Id.* ¶ 17.

**Discussion**

A.  Liability

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). The allegations of plaintiff's complaint establish the elements of liability required to state a claim under 47 U.S.C. § 605(a).

Section 605(a) provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). In the Second Circuit, Section 605(a), which by its express terms prohibits unauthorized interception of interstate wire communications, has been held applicable to thefts of cable communications, provided that the cable programming originated as a radio or satellite communication. *Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 435 (2d Cir. 2002); *Int'l*

2

*Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996). *Cf. TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir. 2001) (holding that Section 605 applies only to theft of satellite broadcasts intercepted prior to distribution over a cable system). In its complaint, plaintiff alleges that it provided contracting establishments with the necessary "electronic decoding equipment and satellite coordinates" to receive the signal of the event that it broadcast. Compl. ¶ 14. Thus, it appears that the event was transmitted via satellite, and that Section 605(a) applies to defendants' interception of plaintiff's signal. Moreover, plaintiff contends that defendants intercepted the event and broadcast it to the patrons of Andina Restaurant. *Id.* ¶¶ 15, 17. Accordingly, plaintiff has properly pleaded a claim under Section 605(a) and defendants are deemed liable to plaintiff.[1]

B.  Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *See id.* Thus, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary

---

[1] Plaintiff also pleads a violation of 47 U.S.C. § 553. Compl. ¶¶ 29-35. Where liability has been established under Sections 553(a)(1) and 605(a) of the Communications Act, recovery under both sections is impermissible. *See New Contenders, Inc. v. Diaz Seafood Corp.*, 96 Civ. 4701, 1997 WL 538827, at *1 (S.D.N.Y. Sept. 2, 1997). Rather, a court should award damages pursuant to Section 605 because it provides for greater recovery than Section 553. *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993).

3

evidence. *See* F<small>ED</small>. R. C<small>IV</small>. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiff in this case seeks an award of statutory damages, attorney's fees and costs, and interest. Affirmation of Paul J. Hooten, in Support of Default Judgment ("Hooten Aff."), Docket Entry 4. Defendants have not submitted any opposition. Accordingly, a hearing is not warranted.

A claimant who has established liability under Section 605(a) may elect either actual damages plus defendant's profits, if any, or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(II). Where a party elects to recover statutory damages, it may recover an award from $1,000 to $10,000 for each violation of Section 605(a). *See* 47 U.S.C. § 605(e)(3)(C)(i). An additional $100,000 in enhanced damages is available where the violation was willful and was committed for commercial advantage or financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii). In this case, plaintiff seeks an award of statutory damages, including enhanced damages, totaling $20,000. *See* Docket Entry 4.

The amount of damages to be awarded pursuant to Section 605 rests in the sound discretion of the court. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) (providing for an award "as the court considers just"); *see also Time Warner Cable v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997). A common method courts use to determine an appropriate damages award is to assess a per person charge based upon the number of individuals in the establishment at the time of the broadcast. *See*, *e.g.*, *id.* (awarding damages on a per patron basis); *Cablevision Sys. Corp. v. 45 Midland Enters., Inc.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994) (same).

Here, however, plaintiff has not submitted any evidence of how many individuals were present during the illegal broadcast in this case. In a typical boxing piracy case, plaintiff submits

an affidavit, sometimes referred to as a "Piracy Affidavit," of an investigator who witnessed the event being illegally broadcast at defendant's establishment.  *See*, *e.g.*, *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 63 (E.D.N.Y. 2006); *Garden City Boxing Club, Inc. v. Rosado*, 2005 WL 3018704, at *1 (E.D.N.Y. Oct. 6, 2005); *Kingvision Pay-Per-View Ltd. v. Olivares*, 2004 WL 744226, at *1-2 (S.D.N.Y. Apr. 5, 2004).  The Piracy Affidavit generally provides details of the investigator's observations, including an estimate of the establishment's capacity and a head count of how many individuals were present during the broadcast.  By Order dated January 23, 2007, I directed plaintiff to provide the court with any additional submissions in support of the damages it seeks no later than February 14, 2007.  Docket Entry 6.  Plaintiff failed to make any submissions in response to the Order.  Because plaintiff has not submitted any evidence concerning the number of individuals present during the illegal broadcast, I respectfully recommend that plaintiff be awarded the statutory minimum of $1,000.  *See* 47 U.S.C. § 605(e)(3)(C)(i)(II).

      Plaintiff also seeks an enhanced damages award pursuant to Section 605(e)(3)(C)(ii), asserting that defendants' acts were willful and committed for financial gain.  The Supreme Court has defined willfulness as "disregard for the governing statute and an indifference for its requirements."  *Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 126-27, 105 S.Ct. 613, 624 (1985) (*quoted in Cablevision v. Lokshin*, 980 F. Supp. 107, 114 (E.D.N.Y. 1997)).  The broadcast of an event without authorization is a deliberate act, and thus establishes willfulness. *See Taco Rapido Rest.*, 988 F. Supp. at 111 ("In order for [defendant] to receive the closed-circuit broadcast, it had to have engaged in some deliberate act, such as using an unauthorized decoder or altering the cable service in some way so as to receive and view the

5

scrambled transmission."); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"). As plaintiff has pleaded that defendants displayed the event in a commercial establishment, the statutory damage enhancement applicable to willful violations committed for financial gain is available in this case. *See* 47 U.S.C. § 605(e)(3)(C)(ii).

Courts use a variety of factors in determining whether a defendant's willful conduct justifies enhanced damages. These factors include: (i) repeated violations; (ii) significant actual damages suffered by plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising for the event; and (v) defendant's collection of a cover charge or premiums for food and drinks. *Kingvision v. El Rey Del Bistec Y Caridad, Inc.*, 2001 WL 1586667, at *2 (S.D.N.Y. Dec. 12, 2001).

Plaintiff has not offered any evidence with respect to any of these factors. Thus, plaintiff has failed to establish that defendants profited substantially or derived significant revenue by showing the event. Nonetheless, the violation was willful. See *Taco Rapido Rest.*, 988 F. Supp. at 111. Therefore, I respectfully recommend an enhanced damages award of $1,000 for defendants' willful violation of the statute.

C.   Attorney's Fees and Costs

Plaintiff also seeks to recover $1,000 in attorney's fees and $350 in costs. *See* Docket Entry 4. An award of fees and costs is mandatory pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). In this Circuit, however, all claims for attorney's fees must be supported by contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work

6

done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff has not submitted the contemporaneous time records required by *Carey*. Accordingly, I respectfully recommend that plaintiff be denied an award of attorney's fees. Similarly, plaintiff has failed to specify how the $350 in costs it seeks to recover were incurred in this litigation. The docket sheet, however, indicates that plaintiff paid a $350 filing fee. Docket Entry 1. I therefore recommend that plaintiff be awarded costs of $350.

D.  Interest

Plaintiff also seeks an award of prejudgment and post-judgment interest. *See* Docket Entry 4. Section 605 of the Communications Act does not provide for interest. The majority of courts to have considered the issue have denied an award of prejudgment interest on the grounds that "[s]tatutory damages under the Communications Act are analogous to punitive damages in that they are designed to deter others from similar infringing activity."[2] *Olivares*, 2004 WL 744226, at *5. *See also Autar*, 426 F. Supp. 2d at 65 (agreeing with *Olivares*); *Rosado*, 2005 WL 3018704, at *5. I therefore respectfully recommend that plaintiff's application for prejudgment interest be denied. Plaintiff, however, may be entitled to recover post-judgment interest at a future date pursuant to 28 U.S.C. § 1961(a).

## Conclusion

For the foregoing reasons, I respectfully recommend that default judgment be entered against the defaulting defendants, jointly and severally, in the total amount of $2,350, comprised of $2,000 in statutory damages and $350 in costs. I further recommend that plaintiff's

---

[2]The few courts that have awarded prejudgment interest have done so with little explanation. *See*, *e.g.*, *Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005); *Kingvision Pay-Per-View Ltd. v. Ruiz*, 2005 WL 589403, at *3 (S.D.N.Y. Mar. 9, 2005).

application for attorney's fees be denied for failing to comply with *Carey*.

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before July 30, 2007. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**July 13, 2007**

U:\CS 2007\Garden City Boxing Club v. Andina final.wpd